IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AJIT TRIKHA, and
TRX HEALTH SYSTEMS, P.C.,

    Defendants.                                            Case No. 06-CR-30098-DRH

## MEMORANDUM & ORDER

HERNDON, District Judge:

### I. INTRODUCTION

This matter is before the Court on defendant Ajit Trikha's Motion to Suppress Evidence (Doc. 39), to which the Government has responded in opposition (Doc. 40). Trikha moves to suppress all evidence "obtained directly or indirectly from a business located at 6915 West Main in Belleville, Illinois" on August 25, 2005. This search and seizure was conducted on August 25, 2005, by officers pursuant to a Search Warrant, which has been attached as part of Trikha's Motion. Trikha now challenges the validity of the warrant, claiming that the supporting affidavit to obtain the warrant "failed to set out the proper showing of probable cause pursuant to the Fourth Amendment of the United States Constitution." However, for the following reasons, the Motion to Suppress (Doc. 39) must be denied.

## II. ANALYSIS

If a search warrant is obtained exclusively upon an affidavit, then probable cause will be found to exist when there are "sufficient facts [set forth] to induce a reasonably prudent person to believe that a search will uncover contraband or evidence of a crime," based upon the totality of the circumstances and interpreted in a "common-sense manner." **United States v. Sidwell, 440 F.3d 865, 868 (7th Cir. 2006)(citations omitted)**. In other words, "the validity of the warrant rests solely on the strength of the affidavit." **United States v. Mykytiuk, 402 F.3d 773 (7th Cir. 2005)(citation omitted)**. However, probable cause does not require "absolute certainty," but only that a likely chance the evidence sought will be found. **Sidwell, 440 F.3d at 869**.

When a defendant moves to suppress evidence uncovered by a warrant, claiming the warrant was invalid due to the truthfulness of statements made in the sworn affidavit used to support the issuance of said warrant, the Fourth Amendment requires a hearing on the matter. **Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978)**. In **Franks**, the Supreme Court laid out the specifics for such an evidentiary hearing, now commonly referred to as a "**Franks** hearing." **See United States v. Whitley, 249 F.3d 614, 620 (7th Cir. 2001)**. First, the defendant must make a preliminary showing that "(1) the warrant affidavit contained false information; (2) the false information was included in the affidavit intentionally or with reckless disregard for the truth; and (3) that the misrepresentations were

necessary to the determination of probable cause to issue the warrant." ***Id.* (citing *Franks*, 438 U.S. at 155-56, 98 S. Ct. at 2676)**.

If such showing is made, an evidentiary hearing will be granted. ***Id.*** During the hearing, the defendant must show perjury or reckless disregard for the truth by a preponderance of the evidence. ***Id.*** Upon meeting this burden of proof, the court will then set aside the affidavit's false material; if the remaining content is "'insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.'" ***Id.* (quoting *Franks*, 438 U.S. at 156, 98 S. Ct. at 2676)**. The court must approach the presented evidence using a two-level inquiry. ***Id.*** First, did the defendant show that the alleged false information in the affidavit "was included *intentionally or recklessly*[?]"[1] ***Id.* (emphasis in original)**. If the court answers in the negative, then the defendant has not met his burden of proof and the fruits of the search are not suppressed. ***Id.*** However, if the court answers this first question in the affirmative, then the second level of inquiry arises, at which point the court must ask "whether the affidavit, when stricken of its falsity, is nonetheless sufficient to establish probable cause for issuance of the search warrant." ***Id.***

---

[1] The Seventh Circuit defines the concept of "reckless disregard for the truth" as when "the affiant 'in fact entertained serious doubts as to the truth of his allegations.' Because state of mind must be proved circumstantially, a factfinder may infer reckless disregard from circumstances evincing 'obvious reasons to doubt the veracity' of the allegations." ***Whitley*, 249 F.3d at 621 (quoting *United States v. Williams*, 737 F.2d 594 (7th Cir. 1984))**. Additionally, "the validity of the search is not saved in the governmental officer swearing to the affidavit has incorporated an intentional or reckless falsehood told to him by another governmental agent." ***Id.* (citations omitted)**.

The Court construes Trikha's Motion as one requesting a ***Franks*** hearing.  Trikha challenges that there was no probable cause established by the affidavit justifing the issuance of the Search Warrant at issue.  However, the Government is correct in its Response when it notes that Trikha has failed to actually establish any false or inaccurate information relied upon by the affiant.  At best, Trikha makes general claims of "insufficient facts," that the affiant "relie[d] in great detail on amounts billed by Defendant" and that the affiant improperly makes the mental leap "from amounts of billing to criminal conduct."  However, these broad assertions are insufficient to meet the burden required to entitle Trikha to a ***Franks*** hearing.

### III. CONCLUSION

Because Trikha has failed to meet the requisite showing necessary to obtain a ***Franks*** hearing on the validity of the Search Warrant, the Court hereby **DENIES WITHOUT PREJUDICE** his Motion to Suppress (Doc. 39).

**IT IS SO ORDERED.**

Signed this 22nd day of December, 2006.

/s/      David   RHerndon
**United States District Judge**