IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AJIT TRIKHA, and
TRX HEALTH SYSTEMS, P.C.,

    Defendants.                               Case No. 06-CR-30098-DRH

## ORDER

**HERNDON, District Judge:**

        This matter is before the Court on defendant TRX Health Systems, P.C.'s Motion to Continue Trial Date (Doc. 42). A jury trial for defendants is currently set for April 9, 2007. However, counsel for defendant TRX will be involved in another three week jury trial, set to begin on March 19, 2007 in Madison County Circuit Court. TRX states that his counsel will be unable to finalize trial preparations in this case, as currently scheduled, due to counsel's other trial. Moreover, TRX explains that because this case is complex, it will be prejudiced if its counsel is unable to completely prepare its defense prior to trial. In response, the Government opposes TRX's Motion (Doc. 43), arguing that TRX's counsel has had sufficient time to prepare for trial and therefore its Motion is contrary to the speedy trial rights of the public, the Government and co-defendant Ajit Trikha.

        Taking into account the Government's objections, the Court believes that granting a continuance is the preferable approach, as it would allow counsel for TRX

to adequately prepare a defense and also prevent a miscarriage of justice.  Although counsel should be continually diligent in trial preparation, the Court recognizes the difficulty in attempting to try another complex trial immediately after completing a previous three-week jury trial.  While counsel can diligently prepare TRX's defense *before* his March 19, 2007 trial begins, there remains the possibility that certain eleventh-hour pretrial matters will arise in this case and counsel may not be able to adequately devote proper attention and resources towards these matters.

For these reasons, the Court finds that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendants in a speedy trial.  Therefore, the Court **GRANTS** Defendant's Motion to Continue (Doc. 42.)  The Court **CONTINUES** the jury trial scheduled for Monday, April 9, 2007 to **Monday, July 16, 2007, at 9:00 a.m.**  The time from the date the original Motion to Continue (Doc. 42) was filed, February 13, 2007, until the date to which the trial is rescheduled, July 16, 2007, is excludable time for the purposes of speedy trial.[1]

**IT IS SO ORDERED.**

Signed this 15th day of February, 2007.

/s/      David RHerndon
**United States District Judge**

---

[1] Additionally, the Court recognizes that although the remaining co-defendants has not expressly consented, because his case was not severed from defendant TRX's case, this continuance constitutes excludable time for the purposes of speedy trial as to all Defendants, pursuant to **18 U.S.C. § 3161(h)(7)**.