# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 06-30098-DRH |
| vs. | ) | |
| AJIT TRIKHA, | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P 32.2 WITH RESPECT TO CERTAIN PROPERTY OF AJIT TRIKHA

In the Superseding Indictment filed in the above cause on October 20, 2006, the United States sought forfeiture of property of defendant, Aijit Trikha, pursuant to 18 U.S.C. § 982(a)(7). Based upon the plea agreement executed by the defendant in this case as well as the representations made by him in open court, the court hereby finds by a preponderance of evidence that the following property constitutes gross proceeds traceable to the commission of the offenses described in Count 1 and Count 2 of the Superseding Indictment:

**CASH PROCEEDS:**
$1,755,754.11 in United States funds.

The United States may, at its option, enforce this order as a forfeiture judgment with the ability to seek to forfeiture substitute assets; enforce this order as an ordinary monetary judgment in favor of the United States by any legal means; or enforce this order as a combination of the foregoing as long as the United States does not obtain double recovery in excess of the total amount of the judgment. The parties stipulate, and the Court finds, that as a result of the acts of the defendant, said $1,755,754.11 in United States funds cannot be located upon the exercise of due diligence, has been transferred or deposited with a third party, has been placed beyond the jurisdiction of the Court, or

has been commingled with other property which cannot be divided without difficulty.

Said forfeiture judgment is enforceable in addition to and separate from any judgment for restitution entered in this cause.

The Court hereby authorizes the forfeiture of substitute property pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1). The property to be forfeited as substitute property includes the following:

A. Real property located at 6915 West Main Street, Belleville, Illinois, and all attachments, appurtenances and improvements thereon, more specifically described as follows:

> All of Lots 6, 7 and the Southeasterly 15 feet of Lot 8 in Block 1 of "OGLEDALE"; reference being had to the plat thereof recorded in the Recorder's Office of St. Clair County, Illinois in Book of Plats W on Page 10.
> Parcel No. 07-01-0-418-039

B. Real property located at 931 Lafite Court, St. Louis, Missouri, and all attachments, appurtenances and improvements thereon, more specifically described as follows:

> Lot 28 of STATHMORE PLAT TWO, according to the plat thereof recorded in Plat Book 192 pages 74 and 75 in the St. Louis County Recorder's Office.
> Parcel No: 20Q530200

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to "publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided in a manner consistent with Supplemental Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury,

and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal shall not seize and reduce to his possession the above-described real property until further order of this Court.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final with respect to the defendant Ajit Trikha at the time of his sentencing and shall be made a part of his sentence and shall be included in the Judgment entered against him in this case. Said order will be a final order only with respect to said defendant, and said order may be amended with respect to petitions filed by third parties claiming an interest in the subject-matter forfeited property.

The United States may abandon forfeiture of the property or any portion thereof by filing notice of same with the Court.

**DATE:** April 4, 2008.

/s/ David R Herndon
**DAVID R. HERNDON**
**United States District Chief Judge**